[No. B099914. Second Dist., Div. Two. July 31, 1996.]

PAUL EDWARD GALES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CITY OF PASADENA et al., Real Parties in Interest.

**COUNSEL**

Joe C. Hopkins and Carol A. Murdock for Petitioner.

No appearance for Respondent.

Leboeuf, Lamb, Greene & MacRae, Richard R. Terzian and Stephen P. Pfahler for Real Parties in Interest.

**OPINION**

**BOREN, P. J.**—Petitioner, Paul Edward Gales, seeks a writ of mandate directing the superior court to set aside an order holding that his action for

damages is barred for his failure to file a petition for writ of administrative mandamus pursuant to Code of Civil Procedure section 1094.5.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gales, a lieutenant with the Pasadena Police Department was investigated by his employer for alleged misconduct.[2] Upon conclusion of the investigation, a finding was made that Gales had lied to his superiors, and Gales was demoted to the rank of sergeant. Gales filed an administrative grievance contesting the charges against him and the discipline imposed. Thereafter, a hearing was held, and the discipline imposed was upheld.[3]

Gales filed suit against real parties, the City of Pasadena (the City) and four police department supervisors who were involved in the investigation. Gales asserted claims for race and sex discrimination, retaliation, civil rights violation, intentional infliction of emotional distress, defamation and invasion of privacy. He also alleged that by subjecting him to an "arbitrary, unfair and dishonest" internal affairs investigation, the City violated his rights under the Public Safety Officers Procedural Bill of Rights Act (the Act) (Gov. Code, § 3300 et seq.)[4] Gales did not, however, seek injunctive or other relief directing his employer to provide him with the protections afforded by the Act, or an order designed to prevent future violations of the Act.

Gales moved for summary adjudication of issues as to each of the affirmative defenses asserted by the defendants. The superior court denied

[1]Section 1094.5 provides, in pertinent part, that mandamus is available to review "any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer."

[2]Gales and a fellow officer engaged in a consensual sexual affair which resulted in the birth of a child. The female officer reported the incident to a superior who, fearful of a lawsuit against the city, told his superiors. When the female officer was questioned, she claimed she and Gales had been intimate while on duty. It appears that it was this remark which caused Gales to be investigated. He was charged with two counts of misconduct—engaging in on-duty sexual activity, and lying during the internal investigation. At the conclusion of the investigation, the finding that he had engaged in sexual activity while on duty was not sustained. However, it was determined that he had lied to his superiors during the investigation about the dates and number of times he and the female officer had engaged in sexual intercourse.

[3]The city claims that "the hearing officer made a factual determination that [Gales] was dishonest during the investigation." No such express finding was made by the hearing officer. However, because this was the only finding which was sustained following the investigation, and the hearing officer upheld the demotion, the finding can be implied. It would seem, as Gales contends, that the "findings" made by the hearing officer are inadequate. However, this is an issue which will be decided by the superior court in connection with Gales's administrative mandamus petition should he decide to file one after this opinion issues.

[4]All further statutory references are to the Government Code unless otherwise indicated.

the motion, and then, relying on *Swartzendruber* v. *City of San Diego* (1992) 3 Cal.App.4th 896, 903 [5 Cal.Rptr.2d 64], held that Gales's "failure to file a petition for writ of mandamus [pursuant to Code of Civil Procedure section 1094.5] challenging the City's decision to demote him from lieutenant to sergeant is fatal to his lawsuit for damages."[5] This petition for writ of mandate followed.

## II. DISCUSSION

■■■ Gales, citing *Mounger* v. *Gates* (1987) 193 Cal.App.3d 1248 [239 Cal.Rptr. 18] (*Mounger*) and section 3309.5 of the Act, contends that he was not required to seek judicial review of the City's administrative findings by filing a Code of Civil Procedure 1094.5 petition prior to filing his action for damages. This is a question of law which we review de novo. (See *W. F. Hayward Co.* v. *Transamerica Ins. Co.* (1993) 16 Cal.App.4th 1101, 1105 [20 Cal.Rptr.2d 468].)

■■■ The Act sets forth a list of basic rights and protections which must be afforded all peace officers (see § 3301)[6] by the public entities which employ them. (§ 3300 et seq.) "It is a catalogue of the minimum rights (§ 3310)[7] the Legislature deems necessary to secure stable employer-employee relations (§ 3301)." (*Baggett* v. *Gates* (1982) 32 Cal.3d 128, 135 [185 Cal.Rptr. 232, 649 P.2d 874].)

Section 3309.5, added in 1979, provides:

---

[5]Although the City set forth the affirmative defense that Gales had failed to exhaust his administrative remedies prior to filing his complaint for damages, the City did not allege that he was required, prior to filing his complaint, to file an administrative mandamus proceeding pursuant to Code of Civil Procedure section 1094.5.

[6]Section 3301 states that "The Legislature hereby finds and declares that the rights and protections provided to peace officers under this chapter constitute a matter of statewide concern. The Legislature further finds and declares that effective law enforcement depends upon the maintenance of stable employer-employee relations, between public safety employees and their employers. In order to assure that stable relations are continued throughout the state and to further assure that effective services are provided to all people of the state, it is necessary that this chapter be applicable to all public safety officers, as defined in this section, wherever situated within the State of California."

[7]Section 3310 provides that "Any public agency which has adopted, through action of its governing body or its official designee, any procedure which at a minimum provides to peace officers the same rights or protections as provided pursuant to this chapter shall not be subject to this chapter with regard to such a procedure." The City claims it is not required to abide by the Act because it has adopted such a procedure. We cannot tell from this record if this is so. It would seem, however, that even if the City has enacted a procedure designed to provide its peace officers with the same rights or protections as are contained in the Act, an officer still should be allowed to apply directly to the superior court for a determination of whether the City has violated the procedure.

"(a) It shall be unlawful for any public safety department to deny or refuse to any public safety officer the rights and protections guaranteed to them by this chapter.

"(b) The superior court shall have initial jurisdiction over any proceeding brought by any public safety officer against any public safety department for alleged violations of this section.

"(c) In any case where the superior court finds that a public safety department has violated any of the provisions of this chapter, the court shall render appropriate *injunctive or other extraordinary relief to remedy the violation and to prevent future violations of a like or similar nature, including, but not limited to,* the granting of a temporary restraining order, preliminary, or permanent injunction prohibiting the public safety department from taking any punitive action against the public safety officer." (Italics added.)

█ Section 3309.5 was "specifically designed to allow an officer to pursue a remedy immediately in the courts for violation of [the rights set forth in the Act] during the investigation and not be required to wait for judicial review after administrative consideration of those violations." (*Mounger, supra,* 193 Cal.App.3d at p. 1256.)

In *Mounger,* the plaintiff was a sergeant in the Los Angeles Police Department, who was the subject of an investigation for misconduct. After discipline was imposed, Mounger filed an administrative appeal. While the administrative appeal was pending, Mounger filed in the superior court a complaint alleging violation of his procedural rights under the Act during the investigation. Mounger sought declaratory relief and an injunction. When the department demurred, the superior court held that Mounger was required to exhaust his administrative remedies prior to seeking judicial relief pursuant to section 3309.5. The Court of Appeal reversed holding that section 3309.5 permitted Mounger to pursue, simultaneously, his administrative appeal from the discipline imposed, and judicial relief pursuant to section 3309.5. (*Mounger, supra,* 193 Cal.App.3d at pp. 1256-1257.)

Where, as here, a police officer is the subject of an investigation for misconduct, the public entity employer is entitled to conduct an investigation. The officer is entitled to file a grievance, and, ultimately, to the issuance of a final decision. *Mounger* holds that if, at any time during the investigation or grievance proceedings the officer believes his public entity employer has violated the Act, the officer is entitled, pursuant to section

3309.5, to file in the superior court an action seeking "injunctive" or other "extraordinary" relief. What *Mounger* does not tell us is whether a police officer is entitled—after the public entity employer has issued its final decision—to file an action under section 3309.5.

We first consider exactly what type of action section 3309.5 permits an officer to file. By its plain language, the statute permits an officer to file a request for injunctive relief, or to seek "other extraordinary relief." Gales interprets this language to mean that he is entitled to file an action for damages. Implied is that a jury is to be allowed to make the determination as to whether the City violated his rights under the Act, and to award damages in the event it concludes that a violation occurred. Gales's interpretation is flawed for the simple reason that the term "extraordinary remedy"—at least in California—refers to writs of mandamus, quo warranto, habeas corpus, and other similar actions. (See Black's Law Dict. (5th ed. 1979) p. 527, col. 2; see generally, 8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, ch. XII, pp. 628-920.)  ▇  In other words, the determination of whether a violation of the Act has occurred must be made by the court rather than a jury, and must be made in connection with a request for injunctive relief, or in connection with a proceeding of a like nature so as to allow the superior court to issue an order "to remedy the violation and to prevent future violations of a like or similar nature." (§ 3309.5, subd. (c).) Nothing contained within section 3309.5 suggests that a police officer may, as Gales has done, file a civil action seeking a legal remedy of damages (compensatory and punitive) for past injuries, and have a jury determine whether a violation of the Act occurred, and whether the administrative decision imposing discipline should be upheld.

▇  Although we conclude that Gales was not permitted to file an action for damages asserting violations of the Act under section 3309.5, the statute expressly provides that a police officer is entitled to file an action in the superior court seeking a judicial determination that his or her employer violated the Act either in the investigation or the grievance proceedings, or in both. And, nothing contained within the statute prohibits an officer from filing the action after his or her public entity employer has rendered its final administrative decision. We conclude, therefore, that an officer is entitled to file a section 3309.5 action after his or her public entity employer has issued its final administrative decision.[8]

The problem, of course, is that the review contemplated under section 3309.5 is limited to whether the public entity employer violated an officer's

---

[8]Gales contends that under the facts of this case the decision issued by the City cannot be characterized as "final." This is an issue which must be decided in the superior court following remand.

rights under the Act. A mandamus action filed pursuant to Code of Civil Procedure section 1094.5, on the other hand, contemplates a review of a different nature. It requires inquiry into the validity of the final administrative decision made by a public entity employer. (*Swartzendruber* v. *City of San Diego*, *supra*, 3 Cal.App.4th at p. 903.)

The answer, we believe, is to *require* an officer to file, after a final administrative decision has been rendered, a mandamus petition pursuant to Code of Civil Procedure section 1094.5, and to *permit* him or her to file a concurrent action pursuant to section 3309.5. This should present no great difficulty for the officer, and none for the court since an action permitted by section 3309.5 is remarkably similar to a mandamus petition. (See *Jones* v. *Board of Police Commissioners* (1903) 141 Cal. 96, 98 [74 P. 696] [describing an action in mandamus as a special proceeding of a civil nature]; *Dowell* v. *Superior Court* (1956) 47 Cal.2d 483, 486 [304 P.2d 1009] [classifying a mandamus action as an extraordinary legal remedy]; *Pratt* v. *Adams* (1964) 229 Cal.App.2d 602, 606 [40 Cal.Rptr. 505] [describing a mandamus action as an equitable remedy].) The subject matter of the actions will, of course, overlap, and consolidation will undoubtedly be required. And, issues decided in one action will be binding in the other. For example, should a judicial officer determine, in connection with a section 3309.5 action, that a violation of the Act occurred, that finding will be binding in the Code of Civil Procedure section 1094.5 action. What type of order or course of action is required should such a determination be made will depend on the facts of each case.

Although we have concluded that Gales was required to file an administrative mandamus petition pursuant to Code of Civil Procedure section 1094.5, we are also of the opinion that given the unsettled state of the law at the time Gales filed his complaint for damages, he should be allowed to amend his complaint in order to present the proper pleading.[9]

## III. DISPOSITION

The petition for writ of mandate is granted. The superior court is directed to set aside its order of February 9, 1996, holding that Gales's action for damages is barred by his failure to file a petition for writ of mandate pursuant to Code of Civil Procedure section 1094.5, and to enter a new and different order allowing Gales to amend his pleadings to present both a

---

[9]The court may be required to sever some or all of Gales's causes of action for discrimination, etc., until such time as the section 3309.5 action and mandamus petition have been concluded.

section 3309.5 action and a Code of Civil Procedure 1094.5 petition. The temporary stay issued is vacated. The parties are to bear their own costs on the petition.

Fukuto, J., and Zebrowski, J., concurred.