[No. B195412. Second Dist., Div. Five. Oct. 4, 2007.]

TYRONE MOORE, Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

374

## COUNSEL

Diane Marchant for Plaintiff and Appellant.

Rockard J. Delgadillo, City Attorney, Claudia McGee Henry, Assistant City Attorney, and Gerald M. Sato, Deputy City Attorney, for Defendants and Respondents.

## OPINION

**KRIEGLER, J.**—Following a hearing before a board of rights, appellant Tyrone Moore was removed from his position as a police officer for the City of Los Angeles (City). Moore filed a petition for administrative mandate pursuant to Code of Civil Procedure section 1094.5, which challenged the sufficiency of the evidence to support his removal. The trial court rejected Moore's challenge to the sufficiency of the evidence, as well as an argument that the City violated Moore's right to have the investigation into his conduct completed within the one-year statute of limitations found in the Public Safety Officers Procedural Bill of Rights Act (Gov. Code § 3300 et seq.; the Act). Moore has abandoned his challenge to the sufficiency of the evidence in this

appeal, but he renews his statute of limitations contention. We conclude that Moore's failure to raise the statute of limitations before the board of rights, and his failure to seek injunction relief for the alleged violation under Government Code section 3309.5,[1] preclude appellate review of the issue. We therefore affirm the judgment of the trial court.

## BACKGROUND

Officers of the Los Angeles Police Department, including Moore, responded to a call of a possible burglary of a residence on May 5, 2004. Upon arrival at the scene, the officers discovered there was no burglary, but numerous juvenile truants were present in a residence. One of the juveniles was uncooperative with Moore during the identification process. A board of rights found that Moore (1) removed the uncooperative juvenile from the living room area to a bedroom, where he used unnecessary force upon the juvenile; (2) made misleading statements to investigators about moving the juvenile from the living room area; (3) moved the juvenile out of sight of the other officers without justification; and (4) should have called a supervisor to the scene when unnecessary force was used on the juvenile.

The investigation of Moore began on the day of the incident, after another officer reported her concerns to a supervisor. Following interviews with the relevant parties, Captain Pesqueira concluded five allegations against Moore were sustained and recommended a board of rights to resolve the complaint. Moore was given notice of Captain Pesqueira's findings on March 23, 2005. On May 4, 2005, Chief William Bratton of the Los Angeles Police Department signed an order charging Moore with four counts. A board of rights convened on July 15, 2005, and concluded on August 19, 2005, with a recommendation that Moore be removed as a peace officer. Chief William Bratton adopted the penalty and signed the order removing Moore on August 31, 2005.

Moore filed a verified petition for peremptory writ of mandate (Code Civ. Proc., § 1094.5) seeking an order compelling the City and Chief Bratton to set aside the August 31, 2005 removal order. Moore alleged in his petition that the decision to discharge him was an abuse of discretion because the findings of the board of rights are not supported by substantial evidence.

---

[1] Unless otherwise stated, all statutory references are to the Government Code.

*Moore's Motion for Peremptory Writ of Mandate*

In a motion for peremptory writ of mandate, Moore argued the disciplinary action against him was barred by the one-year statute of limitations set forth in section 3304, subdivision (d). Moore also contended the evidence produced at his board of rights did not support the guilty findings as to three of the four counts. Moore has now abandoned his challenge to the sufficiency of the evidence.[2]

On the statute of limitations issue, Moore argued the allegations of misconduct came to the department's attention on May 5, 2004. The City had one year from that date to complete its investigation, but Moore was not advised of the discipline to be imposed until completion of the board of rights on August 19, 2005. Citing dicta in *Sanchez v. City of Los Angeles* (2006) 140 Cal.App.4th 1069 [45 Cal.Rptr.3d 188] (*Sanchez*), Moore argued the failure to advise him of the proposed discipline within one year of discovery of the alleged misconduct violated the statute of limitations in section 3304, subdivision (d).

*The Response to the Motion for Peremptory Writ of Mandate*

The City and Chief Bratton argued there was no violation of section 3304, subdivision (d), because Moore received notice of Captain Pesqueira's conclusions following the investigation within one year of discovery of the incident, citing *Sulier v. State Personnel Bd.* (2004) 125 Cal.App.4th 21, 29 [22 Cal.Rptr.3d 615] (*Sulier*). Moreover, Captain Pesqueira's decision to refer the action to a board of rights put Moore on notice of the potential discipline he faced. Both the Los Angeles City Charter and the manual of the Los Angeles Police Department Board of Rights define the possible penalties a board of rights can impose, which include loss of pay, reprimand, demotion, or removal. The department could not give notice of the discipline that would be imposed in advance of the board of rights, because the ultimate outcome of the hearing was unknown.

The City and Chief Bratton further argued that the superior court's review pursuant to Code of Civil Procedure section 1094.5 only encompassed issues presented in the administrative record. Because Moore never asserted a violation of the one-year statute of limitations in section 3304, subdivision (d) at the board of rights, Moore did not exhaust his administrative remedies. To

---

[2] Because Moore has abandoned his challenge to the sufficiency of the evidence, there is no need to set forth a detailed summary of the testimony and evidence. The hearing, spread over the course of several days, included testimony of juveniles detained at the scene including the complaining party, Los Angeles police officers at the scene, police supervisory personnel, an internal affairs officer, and Moore.

the extent Moore argued the board lacked jurisdiction because the statute of limitations was violated, the issue was waived by failure to raise it at the administrative hearing. The City and Chief Bratton also argued the decision in *Sanchez* had no bearing on Moore's case, as *Sanchez* dealt with the untimely imposition of a punitive action other than that in the notice to the officer, not untimely notice of proposed discipline, and in any event, Moore had notice of the board of rights hearing and the range of penalties were clearly set forth in the Los Angeles City Charter and the board of rights manual.

*Moore's Reply to the Opposition to His Motion for Peremptory Writ of Mandate*

Relying on the doctrine of futility, Moore argued he was excused from raising the statute of limitations in the administrative hearing, citing *Sanchez*. In addition, Moore contended that a violation of section 3304, subdivision (d), which is part of the Act, may be raised for the first time in superior court under section 3309.5, subdivision (c). Exhaustion of administrative remedies is excused for violations of the Act under the holding in *Mounger v. Gates* (1987) 193 Cal.App.3d 1248 [239 Cal.Rptr. 18] (*Mounger*). Moore argued there are no cases holding a public safety officer must exhaust administrative remedies as a condition to asserting a violation of the Act in superior court.

Moore disputed the argument that the form provided by Captain Pesqueira advised him of the potential discipline. He was advised that there would be a board of rights, but the penalty proposed was not specified. The first time Moore received notice of the penalty was at the end of the board of rights proceedings.

*Sulier* stands only for the proposition that notice of the proposed discipline must be served within the one-year period required by section 3304, subdivision (d). But *Sanchez* recognizes timely notice that some punitive action will be taken does not authorize the untimely imposition of a harsher discipline. Instead, *Sanchez* requires timely notice of the specific disciplinary action contemplated.

*The Trial Court's Denial of the Peremptory Writ of Mandate*

The trial court ruled it did not have jurisdiction to consider the statute of limitations defense because Moore did not exhaust his administrative remedies on that issue. Moore conceded he received notice of the charges by March 23, 2005, which was within one year of the reported misconduct, and he conceded that he did not raise the statute of limitations before the board of

rights. Moore's reliance on *Sanchez* to demonstrate futility was without merit, because the issue in *Sanchez* was not the same issue raised by Moore. Moore was aware of the potential discipline he faced at the board of rights, including removal. Moore's argument that he could raise the statute of limitations issue for the first time in his petition for writ of administrative mandate based upon section 3309.5, subdivision (c) was flawed. The grant of jurisdiction under section 3309.5 is not exclusive jurisdiction; a peace officer may bring an action under that statute before an administrative hearing to preclude discipline. Once an administrative hearing is held, the officer must raise the statute of limitations defense before the hearing board or it is waived under the holding in *Alameida v. State Personnel Bd.* (2004) 120 Cal.App.4th 46, 53 [15 Cal.Rptr.3d 383] (*Alameida*). Finally, the trial court found substantial evidence to support the factual findings of the board of rights.

## DISCUSSION

Moore argues his termination was time-barred by the statute of limitations in section 3304, subdivision (d). Specifically, he contends the statute prohibits a law enforcement agency from imposing any punitive action unless it completes its investigation and notifies the officer of its proposed disciplinary action within one year of its discovery of the officer's misconduct. In this case, Moore argues he was not advised of the proposed punishment until after more than one year of discovery of the misconduct. The notice that he faced some undefined form of punishment if found guilty does not satisfy the notice requirements of section 3304, subdivision (d). Moore also contends he was not required to raise the statute of limitations at the administrative level in order to rely upon it in writ proceedings before the superior court.

*Standard of Review*

Because this appeal presents only issues of law pertaining to application of the Act, our review is de novo. (*Alhambra Police Officers Assn. v. City of Alhambra Police Dept.* (2003) 113 Cal.App.4th 1413, 1420 [7 Cal.Rptr.3d 432]; *Shafer v. Los Angeles County Sheriff's Dept.* (2003) 106 Cal.App.4th 1388, 1396 [131 Cal.Rptr.2d 670].)

*Relevant Statutory Provisions of the Act*

■ The Act, section 3300 et seq., evidences a legislative recognition that the rights and protections it provides to peace officers "constitute a matter of statewide concern." (§ 3301.) Because effective law enforcement "depends upon the maintenance of stable employer-employee relations, between public safety employees and their employers," the Act applies to all public safety officers as defined in section 3301. The "Act 'provides a catalogue of basic

rights and protections which must be afforded all peace officers by the public entities which employ them.' [Citations.]" (*Runyan v. Ellis* (1995) 40 Cal.App.4th 961, 964 [47 Cal.Rptr.2d 356].)

One of the protections of the Act is the speedy adjudication of punitive actions against public safety officers. (*Sulier, supra,* 125 Cal.App.4th at p. 26; *Alameida, supra,* 120 Cal.App.4th at p. 63.) Under section 3304, subdivision (b), no punitive action or denial of promotion except on merit may be taken against a public safety official who has successfully completed probation "without providing the public safety officer with an opportunity for administrative appeal." Section 3304, subdivision (d) creates a statute of limitations for punitive actions. Under subdivision (d), "no punitive action, nor denial of promotion on grounds other than merit, shall be undertaken for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within one year of the public agency's discovery by a person authorized to initiate an investigation of the allegation of an act, omission, or other misconduct. . . . In the event that the public agency determines that discipline may be taken, it shall complete its investigation and notify the public safety officer of its proposed disciplinary action within that year . . . ."

■ As explained in *Sulier*, "under the plain language of section 3304[, subdivision] (d)," if an employer desires to discipline a public safety officer, "it must complete the investigation into the misconduct within one year of the discovery of the misconduct by a person authorized to start an investigation into the conduct." (*Sulier, supra,* 125 Cal.App.4th at p. 27.) If the employer determines that discipline may be taken, "then it must give the officer notice of the 'proposed disciplinary action' during that same one-year time frame." (*Ibid.*) When the employer decides to impose discipline, "then it must notify the public safety officer in writing of its decision to impose discipline [citation]." (*Ibid.*)

■ Also relevant to this appeal is section 3309.5, which makes it "unlawful for any public safety department to deny or refuse to any public safety officer the rights and protections guaranteed to him or her by this chapter." (§ 3309.5, subd. (a).) In order to protect a public safety officer's rights under the Act, the superior court is vested with "initial jurisdiction" over any proceeding brought by a public safety officer for alleged violation of the Act. (§ 3309.5, subd. (c).) If the superior court finds a violation of the Act, it has the power under section 3309.5, subdivision (d)(1), to "render appropriate injunctive or other extraordinary relief to remedy the violation and to prevent future violations of a like or similar nature." While the superior court has "initial jurisdiction" to remedy violations of the Act, its jurisdiction is not exclusive and violations of the Act may also be raised in an administrative hearing. (*Alameida, supra,* 120 Cal.App.4th at p. 54.)

■ A public safety officer is not required to raise a violation of the Act at the administrative hearing. He or she may use the alternative remedy of injunctive relief under section 3309.5 in order to enforce rights under the Act. (*Mounger, supra,* 193 Cal.App.3d at pp. 1255–1257.) The officer may file a petition for writ of administrative mandate under Code of Civil Procedure section 1094.5, challenging the result of the administrative hearing, and concurrently file a separate action under section 3309.5, alleging a violation of the Act. (*Gales v. Superior Court* (1996) 47 Cal.App.4th 1596, 1603 [55 Cal.Rptr.2d 460] (*Gales*).)

*Failure to Raise the Statute of Limitations of Section 3304 at the Board of Rights*

In opposition to the petition for writ of mandate, the City and Chief Bratton argued that Moore's failure to raise the section 3304 statute of limitations before the board of rights constituted a waiver of the issue. The trial court agreed, ruling that Moore's failure to exhaust administrative remedies precluded relief on the basis of a violation of section 3304, subdivision (d). The trial court rejected the argument that it would have been futile for Moore to assert the statute of limitations under *Sanchez,* finding the case distinguishable.

■ The trial court was correct in ruling that the statute of limitations defense was forfeited by failure to raise it before the board of rights. California law has long provided that a statute of limitations defense must be raised at an administrative hearing before relief may be sought on that ground under Code of Civil Procedure section 1094.5.

■ "It is well established that the statute of limitations is a personal privilege which is waived unless asserted at the proper time and in the proper manner, whether it be a general statute of limitations or one relating to a special proceeding. [Citations.] This general rule applies to proceedings before an administrative tribunal. [Citations.]" (*Bohn v. Watson* (1954) 130 Cal.App.2d 24, 36 [278 P.2d 454] (*Bohn*); see also *Takahashi v. Board of Education* (1988) 202 Cal.App.3d 1464, 1481 [249 Cal.Rptr. 578] ["It has long been the law in California that any available defense should be asserted at the earliest opportunity and certainly at an administrative hearing"]; *Resource Defense Fund v. Local Agency Formation Com.* (1987) 191 Cal.App.3d 886, 894 [236 Cal.Rptr. 794] ["It is axiomatic that judicial review is precluded unless the issue was first presented at the administrative level"]; *Cal. Employment Com. v. MacGregor* (1944) 64 Cal.App.2d 691, 692–693 [149 P.2d 304] [failure to raise statute of limitations defense before state commission constitutes waiver of the issue].) In cases falling under the Act, the officer facing potential discipline is entitled to litigate a statute of

limitations defense at the administrative hearing level. (*Alameida, supra*, 120 Cal.App.4th at pp. 52–53 [rejecting the argument that the trial court had exclusive jurisdiction over statute of limitations issues under the Act.])

■ The reason for the rule is clear. "It is fundamental that the review of administrative proceedings provided by section 1094.5 of the Code of Civil Procedure is confined to the *issues* appearing in the record of that body as made out by the parties to the proceedings, though additional *evidence*, in a proper case, may be received. [Citation.] It was never contemplated that a party to an administrative hearing should withhold any defense then available to him or make only a perfunctory or 'skeleton' showing in the hearing and thereafter obtain an unlimited trial de novo, on expanded issues, in the reviewing court. [Citation.] The rule compelling a party to present all legitimate issues before the administrative tribunal is required in order to preserve the integrity of the proceedings before that body and to endow them with a dignity beyond that of a mere shadow-play. Had Bohn desired to avail herself of the asserted bar of limitations, she should have done so in the administrative forum, where the commissioner could have prepared his case, alert to the need of resisting this defense, and the hearing officer might have made appropriate findings thereon. 'Having failed to raise the defense of the statute of limitations before the commission, the appellant waived his right to that personal defense.' [Citations.]" (*Bohn, supra*, 130 Cal.App.2d at p. 37; see also *Alameida, supra*, 120 Cal.App.4th at p. 53 ["a defense based on a statute of limitations or other statutory time limit may, and indeed must, be raised in administrative proceedings, because the failure to raise such a defense at the administrative hearing waives the issue on review of the administrative proceedings"]; *City of Walnut Creek v. County of Contra Costa* (1980) 101 Cal.App.3d 1012, 1019–1020 [162 Cal.Rptr. 224] ["In administrative mandamus actions brought under section 1094.5 of the Code of Civil Procedure, appellate review is limited to issues in the record at the administrative level"].)

*Section 3309.5 of the Act*

Moore argues the trial court misconstrued the holding in *Alameida*, which recognized the superior court's initial jurisdiction to remedy violations of the Act under section 3309.5. Moore's argument lacks merit for two reasons. First, the trial court properly relied on *Alameida* for the proposition that the superior court's initial jurisdiction under section 3309.5 was not exclusive jurisdiction. Second, Moore ignores the fact that he never sought relief under section 3309.5 from the alleged violation of the Act's statute of limitations, so the superior court's initial jurisdiction was never invoked.

In *Alameida*, the California Department of Corrections (CDC) dismissed an employee named Lomeli from his position as a correctional officer, based upon allegations that Lomeli had committed sexual offenses in 1998, and had lied about the offenses in an interview with CDC in 2000. Lomeli received notice of an adverse employment action in 2000, more than two years after the alleged sexual offenses. An administrative law judge dismissed the charges on the ground the notice of adverse action was not served within the one-year limitations period of section 3304, subdivision (d), and rejected CDC's argument that the misleading statements made within one year of service of the notice were sufficient to satisfy the statute of limitations. The State Personnel Board adopted the finding of the administrative law judge. The CDC sought a writ of administrative mandate in the trial court, arguing that the State Personnel Board had no jurisdiction to consider the statute of limitations issue, but if it did, it erred as a matter of law by ruling the notice of adverse action was untimely as to the false statements. After the trial court denied the petition for writ of administrative mandamus, CDC appealed, renewing the issues raised in the trial court. (*Alameida*, *supra*, 120 Cal.App.4th at pp. 51–52.)

The *Alameida* court rejected CDC's argument that the State Personnel Board lacked the authority to consider the statute of limitations issue. As a preliminary matter, the court recognized the "general proposition" that "a defense based on a statute of limitations or other statutory time limit may, and indeed must, be raised in administrative proceedings, because the failure to raise such a defense at the administrative hearing waives the issue on review of the administrative proceedings. [Citations.]" (*Alameida*, *supra*, 120 Cal.App.4th at p. 53.) Next, the court also recognized that under section 3309.5, subdivision (c), the superior court has "initial jurisdiction" in actions brought by a public safety officer for violation of the Act, but the jurisdiction of the superior court is not exclusive. Instead, "initial jurisdiction" lies in the superior court to allow a public safety officer to obtain a writ of mandate to compel compliance with the requirements of the Act, even if administrative proceedings have not commenced. "Once punitive action is taken, the employee can assert a violation of the Act as a defense to discipline in the administrative proceedings, or can seek an adjudication in court. Nothing in the statute suggests otherwise. The word 'initial' in section 3309.5 simply deprives the employer of defeating court action by arguing the employee has failed to exhaust administrative remedies." (120 Cal.App.4th at p. 54.)

■ Thus, the lesson of *Alameida* is that the statute of limitations must be raised either (1) at the administrative hearing, or (2) in a proceeding under section 3309.5, subdivision (c), which asserts a violation of one of the rights in the Act. ■ Moore never sought to invoke the superior court's injunctive power to enforce his rights under the Act pursuant to section 3309.5. All Moore alleged in his petition for administrative mandate under

Code of Civil Procedure section 1094.5 was that the decision to discharge him "was an abuse of discretion in that the findings of the Board of Rights are not supported by the weight of the evidence." Having failed to invoke the superior court's remedial powers under section 3309.5, and having failed to raise his statute of limitations argument under section 3304, subdivision (d) at the board of rights, the trial court properly ruled the statute of limitations issues was forfeited. There is no suggestion in *Alameida* that a public safety officer may raise a statute of limitations defense for the first time by way of petition for administrative writ of mandate, where the issue was not raised at the administrative hearing and was not the subject of a separate proceeding under section 3309.5.

Moore had the power to invoke the original jurisdiction of the superior court to enforce his rights under section 3309.5, but he failed to do so. In *Mounger, supra*, 193 Cal.App.3d 1248, the court held that a public safety officer need not exhaust his or her administrative remedies before seeking judicial relief under section 3309.5. "There is nothing in section 3309.5 which requires an officer to exhaust his or her administrative remedies if, as in the instant case, that officer also seeks relief through a collective bargaining agreement or other agreed upon procedure." (193 Cal.App.4th at p. 1255.) "Similarly respondents' contention Mounger waived his right to seek judicial relief pursuant to section 3309.5 when he elected to simultaneously pursue his administrative remedy is meritless. Nothing in section 3309.5 states an officer must elect between seeking administrative relief for a departmental disciplinary action and seeking judicial relief for alleged procedural violations." (*Id.* at p. 1257.)

Moore could have, but did not, follow the procedure suggested in *Gales, supra*, 47 Cal.App.4th 1596, which illustrates the interplay between the administrative writ of mandate under Code of Civil Procedure section 1094.5 and a proceeding to enforce a public safety officer's rights under section 3309.5. *Gales* held that a public safety officer seeking to enjoin a violation of the Act is entitled to proceed through the administrative hearing, and to petition for a writ of administrative mandate under Code of Civil Procedure section 1094.5, while simultaneously filing a separate proceeding for relief from violation of the Act under section 3309.5. "The answer, we believe, is to *require* an officer to file, after a final administrative decision has been rendered, a mandamus petition pursuant to Code of Civil Procedure section 1094.5 and to *permit* him or her to file a concurrent action pursuant to section 3309.5. This should present no great difficulty for the officer, and none for the court since an action permitted by section 3309.5 is remarkably similar to a mandamus petition." (47 Cal.App.4th at p. 1603.)

Moore did not follow the procedure approved in *Mounger* or suggested in *Gales*. By failing to institute a proceeding pursuant to section 3309.5 to enforce his rights, he never engaged the initial jurisdiction of the superior court.

*Futility*

Finally, Moore argues it would have been futile to raise the defense of statute of limitations at the board of rights, relying on the futility discussion in *Sanchez, supra*, 140 Cal.App.4th at page 1079. According to Moore, the futility doctrine applies because it is "inconceivable" Moore had any chance of prevailing on the statute of limitations issue at a board of rights. Moore also argues there is no statute "in the City of Los Angeles providing an administrative remedy for the violation of section 3304[, subdivision] (d) alleged here." We disagree.

Moore's futility argument falters at the outset, as it overlooks the basic principle that review of an administrative proceeding under Code of Civil Procedure section 1094.5 is limited to matters contained within the administrative record. Because the administrative record does not encompass resolution of the statute of limitations issue, it simply was not properly before the trial court.

The issue of compliance with the statute of limitations under section 3304, subdivision (d), is fact specific. There are exceptions to the statute of limitations as well as tolling provisions in section 3304, including the existence of ongoing criminal investigations or prosecutions, waiver of the time limit by the officer, and the existence of civil litigation. Due to the absence of an objection at the administrative hearing level, the City and Chief Bratton never had an opportunity to present evidence on these issues. To the extent Moore claims he did not have notice of the potential discipline within one year of the incident, there was no opportunity to question him on this subject or otherwise develop a factual record to refute Moore's contention.

We also agree with the trial court that the futility holding in *Sanchez* has no relevance in the circumstances of this action. In *Sanchez*, the police agency gave timely notice to the officer of proposed disciplinary action consisting of a 20-day suspension without a downgrade in pay. However, the chief of police rejected the proposed discipline and referred the matter to a board of rights. More than 13 months after the incident, the officer was served with a separate notice of a reduction in pay grade and transfer based upon the pending charges and prior charges, discipline that was later

approved by the chief of police. The board of rights found the officer guilty and the officer was suspended for 22 days without pay. The officer challenged the downgrade in pay, but the chief of police found the discipline justified.

The superior court then denied Sanchez's petition for writ of mandate, which sought reinstatement to his former pay grade. The officer argued he was not advised the department intended to impose a downgrade in pay until more than one year after the charged incident, in violation of section 3304, subdivision (d). On appeal from denial of the petition, our colleagues in Division Three addressed the department's argument that the officer had not exhausted his administrative remedies because he failed to argue that his downgrade was time-barred or that his due process rights were otherwise violated. The court held it would have been futile to object because the department consistently maintained it notified the officer in a timely fashion of the proposed disciplinary action. In view of the department's "unyielding position on these legal issues," an administrative challenge would have been futile. (*Sanchez, supra*, 140 Cal.App.4th at p. 1079.) Significantly, the court in *Sanchez* observed that the chief's rejection of the proposed 20-day suspension did not put the officer on notice of a possible reduction in pay grade.

Unlike the situation in *Sanchez*, the City and Chief Bratton never misled Moore as to his potential punishment. He was served with the notice from Captain Pesqueira advising him the matter was being referred to a board of rights. Moore never complained at the board of rights regarding the timeliness of the notice or that he was not properly advised of the potential discipline. Indeed, Moore's petition for writ of mandate made no mention whatever of an alleged violation of the statute of limitations. It was not until July 2006, when Moore filed his motion for peremptory writ of mandate, that the City and Chief Bratton were put on notice of Moore's claim that the statute of limitations was violated. Unlike the facts in *Sanchez*, there is no suggestion here that Moore was misled, nor have the City and Chief Bratton been unyielding in their positions.

To the extent that Moore argues that the board of rights was little more than a rubber stamp for the City and Chief Bratton, making it futile to object before that tribunal, we reject the argument. Our review of the board of rights hearing reveals that the hearing was conducted thoughtfully and carefully by the members of the board. There is nothing in the record to suggest the board of rights would not have fairly considered the statute of limitations issue, had it been presented.

## DISPOSITION

The judgment is affirmed. The City of Los Angeles and Chief Bratton are awarded costs on appeal.

Turner, P. J., and Armstrong, J., concurred.

A petition for a rehearing was denied October 24, 2007, and appellant's petition for review by the Supreme Court was denied January 3, 2008, S158435. Werdegar, J., did not participate therein.