71 Cal.Rptr.3d 552 (2008)
159 Cal.App.4th 443
Robert QUIHUIS, Plaintiff and Appellant,
v.
CITY OF LOS ANGELES et al., Defendants and Respondents.
No. B196367.
Court of Appeal of California, Second District, Division One.
January 28, 2008.
As Modified on Denial of Rehearing February 26, 2008.
*553 Diane Marchant, Los Angeles, for Plaintiff and Appellant.
Rockard J. Delgadillo, City Attorney, Claudia McGee Henry, Senior Assistant City Attorney, Kim Rodgers Westhoff, Gail D. Peterson and Gerald M. Sato, Deputy City Attorneys, for Defendants and Respondents.
JACKSON.[*]

INTRODUCTION
Following a hearing before the Board of Rights, appellant Robert Quihuis (Quihuis) was removed from his position as a police officer for the City of Los Angeles (City). Quihuis petitioned the superior court for a peremptory writ of mandate pursuant to Code of Civil Procedure section 1094.5. He argued that the City violated his right to receive notice of the proposed disciplinary action against him within the one-year statute of limitations contained in Government Code section 3304, subdivision (d).[1] *554 The trial court disagreed and denied the petition. We reverse.

BACKGROUND
On November 18, 2003, detectives from the San Bernardino Sheriffs Department responded to a report of domestic violence involving a possible hostage situation. Quihuis, who lived in the vicinity, returned home after running errands to find an unmarked police car parked in front of his garage. Quihuis asked Detective Robert Emmerson (Emmerson), who was in the process of conducting interviews, to move the police car blocking his garage. Emmerson told Quihuis that he was conducting police business and that the car would be moved as soon as possible. The detective resumed his interviews. Quihuis interrupted Emmerson two more times and persisted in his requests that the car be moved. Emmerson admitted to cursing at Quihuis in the course of their interactions. When Quihuis indicated to Emmerson that he was a police officer, Emmerson told him that he should know better than to interfere during an investigation. Eventually, the police car blocking Quihuis' garage was moved. Emmerson did not arrest Quihuis.
Quihuis telephoned the San Bernardino Sheriffs Department to complain about Emmerson. Later, on December 4, 2003, San Bernardino detectives faxed a copy of a report regarding the November 18, 2003, incident to the Los Angeles Police Department. The City served a personnel complaint on Quihuis on October 7, 2004, giving him notice of a future hearing before a Board of Rights on the following charge: "On or-about November 18, 2003, you, while off duty, interfered with an official police investigation."
The Board of Rights found Quihuis guilty as charged. On January 31, 2005, after hearing testimony regarding the nature and extent of the appropriate penalty to impose, the Board of Rights recommended to Chief of Police William Bratton that Quihuis be discharged from his position with the Los Angeles Police Department effective February 24, 2005. Chief Bratton imposed the recommended penalty in an order signed on March 11, 2005.
On April 19, 2005, Quihuis filed his writ petition. In his memorandum of points and authorities in support of the petition, one of Quihuis' contentions was that the disciplinary action taken against him was barred by the statute of limitations contained in section 3304, subdivision (d), because he did not receive notice of the proposed disciplinary action within one year of the City's discovery of the alleged misconduct. In particular, he argued that the personnel complaint, which he did receive before the one-year deadline, did not give him notice of any proposed disciplinary action.
The trial court disagreed, concluding that the personnel complaint gave Quihuis "sufficient notice that he might be discharged." The court also rejected all of Quihuis' other arguments and entered judgment against him on November 28, 2006. Quihuis timely appealed.

DISCUSSION
This appeal presents only issues of law pertaining to application of the Public Safety Officers Procedural Bill of Rights Act (Act) (§ 3300 et seq,). Therefore, our review is de novo. (Alhambra Police Officers Assn. v. City of Alhambra Police Dept. (2003) 113 Cal.App.4th 1413, 1420, 7 Cal.Rptr.3d 432; Shafer v. Los Angeles County Sheriffs Dept. (2003) 106 Cal. App.4th 1388, 1396, 131 Cal.Rptr.2d 670.)
Quihuis contends that the City failed to notify him of its proposed disciplinary action within one year of discovering his *555 alleged misconduct, as required by section 3304, subdivision (d). In response, the City argues that the personnel complaint gave Quihuis "notice of the possibility of termination" because it referred to section 1070 of the Los Angeles City Charter, which authorizes boards of rights to recommend various penalties, including termination. (The parties do not dispute that the City served Quihuis with the personnel complaint before the one-year deadline.)
We agree with Quihuis that the personnel complaint did not give him the required notice. Subdivision (d) of section 3304 requires timely notice of the "proposed disciplinary action." The personnel complaint did not identify any proposed disciplinary action at all, so it did not satisfy the statutory requirement. The City's argument based on the personnel complaint's references to section 1070 of the Los Angeles City Charter fails becauseassuming for the sake of argument that the personnel complaint put Quihuis on notice that he could receive any punishment authorized under the charter provisionsubdivision (d) of section 3304 "requires the [City] to notify the officer of the specific disciplinary action that is being proposed, not merely to advise the officer that some disciplinary action is being contemplated." (Sanchez v. City of Los Angeles (2006) 140 Cal.App.4th 1069, 1081, 45 Cal.Rptr.3d 188.)
We decide only that the personnel complaint did not give Quihuis sufficient notice to satisfy the requirements of section 3304, subdivision (d). Insofar as the City believes that it gave Quihuis some other timely notice that did meet those statutory requirements, the City is free to pursue that contention on remand.
Finally, the City also argues that because Quihuis failed to exhaust his administrative remedies with respect to the statute of limitations issue, he cannot now raise the issue in a writ proceeding under Code of Civil Procedure section 1094.5. The administrative exhaustion requirement would not apply, however, if Quihuis were to proceed under section 3309.5.[2](Moore v. City of Los Angeles (2007) 156 Cal.App.4th 373, 382, 67 Cal.Rptr.3d 218.) Because of the unsettled state of the law at the time Quihuis filed his writ petition,[3] on remand he should be allowed to amend his pleadings in order to include a claim under section 3309.5. (Cf. Gales v. Superior Court (1996) 47 Cal.App.4th 1596, 1603, 55 Cal.Rptr.2d 460.)

DISPOSITION
The judgment is reversed, and the superior court is directed to allow Quihuis to amend his pleadings to present both a section 3309.5 action and a Code of Civil Procedure section 1094.5 petition. Appellant shall recover his costs of appeal.
We concur: VOGEL, Acting P.J., and ROTHSCHILD, J.
NOTES
[*] Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.
[1] Unless otherwise noted, all further statutory references are to the Government Code. Subdivision (d) of section 3304 provides in pertinent part that "no punitive action, nor denial of promotion on grounds other than merit, shall be undertaken for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within one year of the public agency's discovery by a person authorized to initiate an investigation of the allegation of an act, omission, or other misconduct. This one-year limitation period shall apply only if the act, omission, or other misconduct occurred on or after January 1, 1998. In the event that the public agency determines that discipline may be taken, it shall complete its investigation and notify the public safety officer of its proposed disciplinary action within that year," except in certain circumstances.
[2] Section 3309.5 makes it "unlawful for any public safety department to deny or refuse to any public safety officer the rights and protections guaranteed to him or her by this chapter." (§ 3309.5, subd. (a).)
[3] Moore v. City of Los Angeles, supra, 156 Cal.App.4th 373, 67 Cal.Rptr.3d 218 was decided after briefing in the instant case was completed. No previous appellate decision had held that a public safety officer must bring a claim under section 3309.5 in order to raise a statute of limitations defense that was not presented at the administrative hearing. Prior case law could be read as holding, to the contrary, that the administrative exhaustion requirement does not apply to officers' assertion of their rights under the Act. (See Mounger v. Gates (1987) 193 Cal.App.3d 1248, 1255-1257, 239 Cal.Rptr. 18.) Thus, when Quihuis filed his writ petition under Code of Civil Procedure section 1094.5, he had no reason to believe that he would be barred from presenting his statute of limitations defense if he failed to bring an action under section 3309.5 as well.