Filed 1/17/23  Wohler v. City of Modesto CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOHN WOHLER, | F083242 |
| Plaintiff and Appellant, | (Super. Ct. No. 2028964) |
| v. | |
| CITY OF MODESTO, | **OPINION** |
| Defendant and Respondent. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Stanislaus County.  Frank Dougherty and John R. Mayne, Judges.[‡]

Clisham & Sorter, David P. Clisham and Justine L. Clisham, for Plaintiff and Appellant.

Jose M. Sanchez, City Attorney; Meyers Nave, Jenny L. Riggs and Matthew B. Nazareth, for Defendant and Respondent.

-ooOoo-

---

[‡] Judge Dougherty, a retired judge of the Merced Superior Court assigned by the Chief Justice pursuant to Article VI, section 6 of the California Constitution, ruled on the motion for judgment on the pleadings and the petition for writ of mandate.  Judge Mayne ruled on the motion for civil penalties, damages, and costs.

# I.     INTRODUCTION

Appellant John Wohler is a former police officer with the Modesto Police Department. He sued the City of Modesto ("City"), alleging two tort claims and a cause of action for violating the Public Safety Officers Procedural Bill of Rights Act ("POBRA") (Gov. Code, §§ 3300 et seq.).[1] The POBRA gives public safety officers additional procedural rights in discipline and discharge matters. Wohler claimed the City violated several of his rights under POBRA in connection with three internal affairs investigations against him. He sought only compensatory relief in the complaint. The trial court granted the City's motion for judgment on the pleadings on all causes of action, but granted Wohler leave to bring his POBRA claims in a petition for writ of mandate.

Wohler petitioned for a writ of mandate alleging the City violated POBRA and was liable for civil penalties, damages, costs, and attorney fees. The court denied the entire petition after a trial, holding that a petition for writ of mandate was not the proper vehicle by which to bring a claim for money damages for POBRA violations.

Wohler then filed a motion for civil penalties, damages, costs, and attorney fees based on his claim that the City violated his rights under POBRA. The trial court, through a different judge, took written evidence and held oral argument. The court denied the motion on multiple grounds, including on the ground that Wohler had not proved that the City acted maliciously in connection with any of the three internal affairs investigations, as required for the City to be liable for civil penalties and damages under POBRA. (§ 3309.5, subd. (e) [public safety department liable for civil penalties for POBRA violations and for actual damages if court finds department acted "maliciously" and "with the intent to injure the … officer"].)

_____

[1] All unlabeled statutory references are to the Government Code.

The superior court entered judgment for the City after denying the motion for civil penalties and damages. Wohler raises multiple challenges to this judgment. We affirm.

## II.    DEFICIENCIES IN WOHLER'S BRIEFS

To begin, we discuss a crucial problem with Wohler's briefs. Neither Wohler's opening brief nor his reply brief contain any point headings—not in the table of contents and not in the body of the briefs. Each issue in a brief must have its own discrete heading summarizing the point. (Cal. Rules of Court, rule 8.204(a)(1)(B).)[2] This deficiency significantly hinders our review because, combined with the fact that the briefs are incoherently structured, it is hard to discern what claims of reversible error Wohler is alleging. What is more, Wohler's opening brief does not state that the judgment appealed from is final, another violation of the Rules of Court. (Rule 8.204(a)(2)(B).)

An appellate court need not address contentions not properly briefed. (*Heavenly Valley Ski Resort v. El Dorado County Bd. of Equalization* (2000) 84 Cal.App.4th 1323, 1345, fn. 17.) "Failure to provide proper headings forfeits issues [that] are not clearly identified by a heading." (*Petrovich Development Company, LLC v. City of Sacramento* (2020) 48 Cal.App.5th 963, 976, fn. 9.)

We could consider all of Wohler's claims of error forfeited for failure to comply with rule 8.204(a)(1)(B) and affirm the judgment on this ground. However, we will exercise our discretion to not declare his entire argument forfeited. We perceive Wohler to be advancing three grounds for reversing the judgment, and we will address each of these perceived claims in the Discussion section.

---

[2] All references to rules are to the California Rules of Court.

### III. FACTS

Wohler was hired by the City as a police officer in November 2006 and served until his disability retirement in June 2018. Wohler has never alleged that he was terminated.

There are three internal affairs investigations relevant here. The first related to a complaint made by a former California Superior Court judge who was stopped by Wohler in a parking lot. The incident occurred on December 9, 2016, and the complaint was filed February 13, 2017. Wohler was interviewed twice during the investigation of the judge's complaint and was able to view a copy of the complaint before the second interview. At the end of the investigation, the Department sustained all but one of the judge's allegations and recommended on July 17, 2017, that Wohler be terminated. At Wohler's administrative hearing on the proposed termination on August 15, 2017, the hearing officer sustained the allegations against Wohler but imposed only a 40-hour suspension and an ethics training course. Wohler never served the suspension or lost any pay, though, because of his disability retirement.

The second and third internal affairs investigations were both closed before they were completed because of Wohler's retirement. Incomplete and closed files are not placed in an officer's personnel file, are not personnel records, and are not used for any personnel purposes. Such incomplete and closed files also are never disclosed to third parties, including another police department conducting an employment background check, whether or not the officer provides a waiver.

Additionally, Wohler alleges he did not receive a copy of his personnel file upon his request but does not explain when he made this request. Still, he states that he made at least ten requests to be allowed to review his personnel file and was not allowed to do so until July 24, 2017.

4.

## A. Initial complaint and motion for judgment on the pleadings

Wohler filed his complaint for damages on February 16, 2018, using a Judicial Council form. He asserted causes of action for general negligence, intentional tort, and violation of POBRA. The only relief sought was "compensatory damages." The complaint alleged violations of sections 3303, subdivision (i), 3305, 3306, and 3306.5.[3]

The City moved for judgment on the pleadings. Among other things, the City argued Wohler's claim for damages under POBRA was improper because it was not made in connection with a request for injunctive relief. The City cited *Gales v. Superior Court* (1996) 47 Cal.App.4th 1596, 1602 for the proposition that any claim for damages under POBRA must be brought in connection with a request for injunctive relief. The court granted the motion for judgment on the pleadings as to the two tort causes of action without leave to amend and granted it as to the POBRA claim with leave to bring the claim in a petition for a writ of mandate.

---

[3] Section 3303, subdivision (i), provides that upon the filing of a formal written statement of charges, or whenever an interrogation focuses on matters that are likely to result in punitive action against any officer, that officer, at his or her request, shall have the right to be represented by a representative of his or her choice who may be present at all times during the interrogation.

Section 3305 provides that no adverse comment may be entered into an officer's personnel file without the officer first having read and signed the instrument containing the adverse comment indicating he is aware of such comment, except if the officer refuses to sign it.

Section 3306 provides an officer shall have 30 days to file a written response to any adverse comment entered into his personnel file.

Section 3306.5 provides, in relevant part, that an officer shall be allowed, upon reasonable request, to inspect his personnel files that are used to determine that officer's qualifications for employment, promotion, additional compensation, or termination or other disciplinary action.

**B.     Wohler's petition for writ of mandate**

Wohler petitioned for writ of mandate seeking relief that included: "a finding that [the City] maliciously violated mandatory provisions of [POBRA] with the intent to injure" Wohler, civil penalties of $25,000 per violation, and for damages, costs, and attorney fees.[4]  Wohler alleged there were 230 separate POBRA violations.

The writ petition was brought under section 3309.5.  Subdivision (c) of section 3309.5 provides that "[t]he superior court shall have initial jurisdiction over any proceeding brought by any public safety officer against any public safety department for alleged violations of [POBRA]."  If the superior court finds that a public safety department has violated any POBRA provision, it must render appropriate injunctive or other extraordinary relief to remedy the violation and to prevent future violations. (§ 3309.5, subdivision (d)(1).)  In addition to any extraordinary relief available, upon a finding that a public safety department maliciously violated any POBRA provision with the intent to injure the officer, the department shall be liable for a civil penalty not to exceed $25,000 and any actual damages for each violation.  (§ 3309.5, subdivision (e).)

After a trial on the petition, the court denied the entire petition, holding that it was an "improper use of the writ procedure" where Wohler did "not seek any category of relief other than the payment of money …."  The final paragraph of the order denying the petition states:

> "Plaintiff is entitled to attempt to prove his case for penalties and money damages in further proceedings on this matter.  Defendant has not conclusively proven that it complied with [POBRA], or that its actions, if not in compliance, constituted harmless error."

---

[4] Like the complaint, the petition for writ of mandate alleged violations of sections 3305, 3306, and 3306.5.  But whereas the complaint alleged a violation of section 3303, subdivision (i), the petition alleged a violation of section 3303, subdivision (g).  Section 3303, subdivision (g), provides in part that officers must be provided with copies of reports or complaints made by investigators or other persons after being interrogated.

## C. Wohler's motion for civil penalties, damages, and costs

After the writ petition was denied, Wohler filed what he entitled a "motion for civil penalties, damages and costs" under section 3309.5, subdivision (e).[5] The relief sought was nearly identical to the relief sought in the writ petition: "a finding that [the City] maliciously violated mandatory provisions of [POBRA] with the intent to injure" Wohler, civil penalties of $25,000 per violation, and for damages, attorney fees, and costs. The motion did not identify the operative pleading upon which the motion was based.[6]

The motion was heard by a different judge than the one who denied the writ petition. The court denied the motion, in part because there was insufficient evidence the City acted with malice. The court said that Wohler could not obtain a "money judgment" under section 3309.5 for the City's POBRA violations unless the City acted with malice. After stating the motion was denied, the court added that there were no remaining issues in the case and ordered the City to prepare a judgment.

On June 24, 2021, Wohler filed a "Request for Reconsideration" of the order denying his motion. The court entered a judgment for the City on June 27, 2021, and denied Wohler's request for reconsideration on July 1, 2021.

On August 26, 2021, Wohler filed both a motion to rescind the judgment and a notice of appeal of the judgment. On September 16, 2021, the trial court ordered the motion to rescind stricken.

---

[5] Section 3309.5, subdivision (e), does not mention costs. We note that the memorandum filed in support of the motion stated the motion was also being brought under Code of Civil Procedure section 1095, which allows a writ petitioner who obtains a judgment to recover costs.

[6] Wohler's complaint for damages was eliminated when the court granted the City's motion for judgment on the pleadings, and the petition for writ of mandate was denied in its entirety. The City contends no relief could be granted on the motion without an operative pleading, but our disposition of this appeal does not require us to address that contention.

# IV.   DISCUSSION

From what we can tell from reading Wohler's opening brief, he is raising three challenges to the judgment.  First, he claims that a judgment could not be entered in favor of the City unless the City proved that it complied with POBRA.  This claim derives from a misreading of language in the order denying the petition for writ of mandate.  Second, Wohler contends the court, in denying his motion for civil penalties and damages, erred in concluding that there was insufficient evidence the City acted with malice.  He asserts, without citing any authority, that the sheer volume of violations necessarily constitutes malice.  Third, he argues that the court improperly considered the City's evidentiary objections to his declaration filed in support of his motion for civil penalties and damages because the objections were belatedly filed.

None of these claims have merit.  Most vital is that Wohler has not shown that the court erred in holding the evidence of malice was insufficient.  We will address each claim in turn.

## A.   Wohler's burden on appeal

The most fundamental rule of appellate review is that an appealed judgment or order is presumed to be correct (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608—609), and "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.)  "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 (*S.C.*).)  An appellant must not only show error but prejudice from that error.  (Cal. Const., art. VI, § 13.)  If an appellant fails to satisfy his burden to show prejudicial error, his argument will be rejected on appeal. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963 (*Century Surety Co.*).)

**B.      First claim of error**

Wohler's first claim of error is based on the last paragraph in the order denying his petition for writ of mandate, which reads:

> "Plaintiff is entitled to attempt to prove his case for penalties and money damages in further proceedings on this matter. Defendant has not conclusively proven that it complied with [POBRA], or that its actions, if not in compliance, constituted harmless error."

Wohler interprets this paragraph to mean that the judge who presided over the writ proceeding (1) conclusively found that the City violated Wohler's rights under POBRA and (2) ordered that Wohler therefore be allowed to prove the civil penalties and damages that should be imposed and awarded. Wohler implies the second judge who presided over the motion for civil penalties and damages hearing erred by failing to recognize that it had already been judicially determined that the City violated POBRA. Wohler also seems to imply, though it is unclear, that the second judge was prohibited from entering a judgment for the City, since doing so would contravene the first judge's order, and thus the judgment must be reversed.

This claim of error requires us to interpret the quoted language from the order denying the petition for writ of mandate. The meaning of a court order or judgment is a question of law subject to our independent review. (*In re Ins. Installment Fee Cases* (2012) 211 Cal.App.4th 1395, 1429.)

We reject Wohler's interpretation. The quoted paragraph contains no findings or conclusions. The paragraph simply means that Wohler should be allowed in further proceedings to attempt to prove (1) that the City violated POBRA and, if the City did, (2) that civil penalties or damages should be imposed or awarded. The last sentence of the paragraph means that Wohler was not foreclosed from attempting to prove his claim for civil penalties and damages because the City had not proved that it did not violate POBRA. This does not imply the City had the burden of proof. Instead, it means that had the City already proved it did not violate POBRA, it would be pointless to give

9.

Wohler more opportunity to prove a violation.  We reject this first claim of error, whatever it may entail, as based on a misinterpretation of a court order.

## C.    Insufficient evidence of malice finding

In the order denying Wohler's motion for civil penalties and damages, the court said that a peace officer must prove two elements to be entitled to a "money judgment" under section 3309.5.  The court said: "First, there must be a [POBRA] violation.  Second, those violations must be malicious."  The court denied the motion in part because it concluded that "the element of malice [was] unsupported[.]"

Wohler states, in conclusory fashion and without citing any authority besides Black's Law Dictionary, that the "sheer volume of the violations makes the violations malicious."  He notes that Black's Law Dictionary defines "malice" to mean "[r]eckless disregard for the law or of a person's legal rights."  He offers no analysis of how the City "recklessly" disregarded Wohler's POBRA rights and no authority suggesting that malice can be necessarily inferred from the "sheer volume" of alleged violations.  Wohler has not presented meaningful legal analysis supported by citations to authority to support this claim of error, and we therefore reject it. (*S.C., supra,* 138 Cal.App.4th at p. 408; *Century Surety Co., supra,* 139 Cal.App.4th at p. 963.)

## D.    Evidentiary objections were not forfeited

Wohler supported his motion for civil penalties and damages with his own declaration that he submitted in support of his petition for writ of mandate.  The City lodged 25 written objections to his declaration, and the court sustained, at least in part, 13 of them.  Wohler contends the court should not have considered the City's objections because they were belatedly submitted.  We reject the claim because the objections were timely submitted and because Wohler has not even attempted to demonstrate prejudice from any alleged error.

10.

Wohler submitted a declaration in support of his writ petition on September 15, 2020. He then incorporated that declaration to support his motion for civil penalties and damages. The City did not object to the declaration when it was submitted in support of the writ petition but did object to it when it was submitted to support the motion. The City timely submitted the objections along with its opposition to the motion. Wohler claims, without citing any authority, that because the City did not object to the declaration when it was submitted in support of the writ petition, it was prohibited from objecting to the declaration when it was essentially resubmitted in support of the motion. We reject this claim as unsupported by citation to legal authority. (*S.C., supra,* 138 Cal.App.4th at p. 408; *Century Surety Co., supra,* 139 Cal.App.4th at p. 963.)

Additionally, Wohler has not even attempted to explain how any alleged error in sustaining the objections affected the outcome of the motion, and this is another reason to reject this claim. (Cal. Const., art. VI, § 13.)

## V. DISPOSITION

The judgment is affirmed. The City of Modesto is awarded its costs on appeal.


SNAUFFER, J.

WE CONCUR:


MEEHAN, Acting P. J.


DE SANTOS, J.

11.