[No. F061770. Fifth Dist. Jan. 31, 2012.]

LAWRENCE NEVES, Petitioner and Respondent, v.
DEPARTMENT OF CORRECTIONS AND REHABILITATION, Defendant
and Appellant.

**COUNSEL**

Rose E. Mohan and Stephen A. Jennings for Defendant and Appellant.

Law Offices of Bennett & Sharpe, Barry J. Bennett and Heather N. Phillips for Petitioner and Respondent.

OPINION

FRANSON, J.—

## INTRODUCTION

Government Code section 3304, subdivision (f) (section 3304(f)), a provision of the Public Safety Officers Procedural Bill of Rights Act (POBRA) (Gov. Code, § 3300 et seq.)[1] states that when a public agency decides to discipline a public safety officer, "the public agency shall notify the public safety officer in writing of its decision to impose discipline, including the date that the discipline will be imposed, within 30 days of its decision, except if the public safety officer is unavailable for discipline." In this case, we hold that the public agency, appellant Department of Corrections and Rehabilitation (the Department), satisfied section 3304(f), when its written notice of adverse action, dated January 27, 2010, was received by the public safety officer, appellant Lawrence Neves, on either February 1, or 2, 2010.

## FACTUAL AND PROCEDURAL BACKGROUND

The Department caused Neves to be personally served on December 30, 2009, with a document entitled "*SULIER* NOTICE" (original italics and underscoring). It advised Neves that the Department's investigation into allegations of misconduct by Neves had been completed. It further stated: "Pursuant to *Sulier v. State Personnel* [*Bd.*] (2004) 125 Cal.App.4th 2[1] [22 Cal.Rptr.3d 615], you are hereby notified that a decision has been made to take disciplinary action against you. The recommended penalty is: Dismissal. [¶] You may anticipate formal adverse action papers to be served upon you [within] the next thirty (30) days."

A "NOTICE OF ADVERSE ACTION" (original underscoring) signed on January 27, 2010, by the warden of the Valley State Prison for Women advised Neves: "YOU ARE HEREBY NOTIFIED that . . . adverse action is being taken against you as follows: [¶] . . . [¶] You shall be dismissed from your position as a Correctional Officer with the (Department) at Valley State Prison for Women ('VSPW'). [¶] . . . [¶] This dismissal shall be effective at the close of business February 12, 2010." It further advised Neves of the legal and factual reasons for the adverse action, his right to respond to the proposed action and his right to appeal to the State Personnel Board. Neves received a package containing the notice of adverse action on either February 1, or 2, 2010.

---

[1] All further statutory references are to the Government Code unless noted otherwise.

Neves filed a petition for writ of mandate in the superior court. He contended that because he did not receive the notice of adverse action within 30 days of December 30, 2009, the Department could not impose discipline on him without violating section 3304(f). The superior court agreed. It issued an order directing the issuance of a writ of mandate directing the Department to vacate the adverse action against Neves and to reinstate him to the position of correctional officer.

■ The Department appeals. We conclude that Neves failed to demonstrate any violation of section 3304(f), since the 30-day notification requirement of subdivision (f) was triggered by the date of the Department's final decision to impose discipline, which was its formal notice of adverse action dated January 27, 2010, not the December 30, 2009, "*SULIER* NOTICE." Neves presented no evidence that the Department notified him of its decision to dismiss him more than 30 days after the Department's decision to dismiss him was made.[2]

We reverse the superior court's order granting Neves's petition for writ of mandate.

## DISCUSSION

Initially enacted in 1976, POBRA sets forth a list of basic rights and protections afforded all public safety officers employed in California. (*Baggett v. Gates* (1982) 32 Cal.3d 128, 135 [185 Cal.Rptr. 232, 649 P.2d 874].) POBRA "is concerned primarily with affording individual police officers certain procedural rights during the course of proceedings which might lead to the imposition of penalties against them." (*White v. County of Sacramento* (1982) 31 Cal.3d 676, 681 [183 Cal.Rptr. 520, 646 P.2d 191].)

When POBRA was enacted, it included statutory provisions governing procedures to be used in investigating a public safety officer, but it included no limit on the length of time an investigation of an officer could last. In 1997, POBRA was amended (Stats. 1997, ch. 148, § 1, p. 749) due to "a perceived lack of fairness caused by a drawn-out investigatory process." (*Mays v. City of Los Angeles* (2008) 43 Cal.4th 313, 324 [74 Cal.Rptr.3d 891,

---

[2] "[A] trial court's findings and judgment on a petition for writ of mandate are upheld if supported by substantial evidence. [Citation.] However, the trial court's construction of a statute is purely a question of law and is subject to de novo review on appeal." (*California Teachers Assn. v. Governing Bd. of Golden Valley Unified School Dist.* (2002) 98 Cal.App.4th 369, 375 [119 Cal.Rptr.2d 642]; accord, *Sulier v. State Personnel Bd., supra,* 125 Cal.App.4th at pp. 25–26 (*Sulier*).) In this case, we apply an already settled construction of section 3304(f), and conclude that there is no substantial evidence to support the superior court's conclusion that subdivision (f) was violated.

180 P.3d 935] (*Mays*).) The 1997 amendments added the provisions presently appearing at subdivisions (d) through (h) of section 3304. Of particular concern to this appeal are subdivisions (d) and (f) of that statute.

When Neves received his "*SULIER* NOTICE" in December 2009, subdivision (d) of section 3304 (section 3304(d)) stated: "[N]o punitive action . . . shall be undertaken for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within one year of the public agency's discovery . . . of the allegation of an act, omission, or other misconduct. . . . In the event that the public agency determines that discipline may be taken, it shall complete its investigation and notify the public safety officer of its proposed disciplinary action within that year . . . ."

At all times pertinent to this appeal, section 3304(f) stated: "If, after investigation and any predisciplinary response or procedure, the public agency decides to impose discipline, the public agency shall notify the public safety officer in writing of its decision to impose discipline, including the date that the discipline will be imposed, within 30 days of its decision, except if the public safety officer is unavailable for discipline."

■ In *Sulier*, the Department of Corrections sent Mr. Sulier, a correctional officer, a letter notifying him that an investigation of alleged misconduct had been completed and the discipline it proposed. The letter was sent prior to the one-year deadline mandated by section 3304(d), and stated: " '[A] decision has been made to take disciplinary action against you. The recommended penalty is a one-step demotion to a Correctional Officer. [¶] You may anticipate formal adverse action papers to be served upon you within the next thirty (30) days.' " (*Sulier, supra*, 125 Cal.App.4th at pp. 24–25.) The December 30 letter sent by the Department in this case, which it labeled a "*SULIER* NOTICE," contained the exact same language, although with a different recommended level of discipline. *Sulier* held that the above quoted language was sufficient to comply with subdivision (d), which only required a preliminary informal notice. (*Sulier, supra*, 125 Cal.App.4th at p. 27.) *Sulier* explained the purpose of the notice provisions of section 3304(d) and (f) and described a two-step process: a preliminary informal notice under subdivision (d) (which the Department refers to as a "*SULIER* NOTICE") and a formal notice of adverse action under subdivision (f): "[U]nder the plain language of section 3304(d), if the CDC desires to discipline an officer, then it must complete the investigation into the misconduct within one year of the discovery of the misconduct by a person authorized to start an investigation into the conduct. If, at the conclusion of that investigation, the CDC 'determines that discipline *may* be taken,' then it must give the officer notice of the 'proposed disciplinary action' during that same one-year time frame.

(*Ibid.*, italics added.) When the CDC actually '*decides* to impose discipline,' then it must notify the public safety officer in writing of its decision to impose discipline (§ 3304, subd. (f), italics added.)." (*Sulier, supra*, 125 Cal.App.4th at p. 27.)

The *Sulier* court further stated:

■ "The language of section 3304(d) also shows that it contemplates the giving of a preliminary informal notice, not a formal notice of adverse action. Section 3304(d) requires the public employer to notify the officer of the 'proposed disciplinary action.' To 'propose' something means 'to form or put forward a plan or intention.' (Merriam-Webster's Collegiate Dict. (10th ed. 2000) p. 933.) Just because the discipline is proposed does not mean it will be carried out.

"Further, the notice contemplated by section 3304(d) is given at a time when the disciplinary authority has not necessarily committed itself to disciplining the employee or even determined when the discipline will be imposed. For these reasons, imposing a formal notice of adverse action requirement makes no sense. The public agency could not specify the required effective date of the action or the time a public safety officer has to file an appeal from discipline the agency has not yet decided to impose. In this light, it makes sense that a formal notice of adverse action is required only when the agency decides to impose discipline and must serve a formal notice under section 3304, subdivision (f)." (*Sulier, supra*, 125 Cal.App.4th at p. 29.)

The California Supreme Court later addressed section 3304 in *Mays, supra*, 43 Cal.4th 313. There the Los Angeles Police Department timely served Sergeant Mays with a " 'Notice of Proposed Disciplinary Action' " (*id.* at p. 318), which outlined the misconduct charges and that the charges would "be adjudicated by a Board of Rights" (*ibid.*), an internal hearing process to determine discipline. Although the notice did not specifically identify any contemplated discipline, which Mays argued was required under section 3304(d), the Supreme Court concluded that subdivision (d) was satisfied because the notice stated the investigation was completed and that the department could take disciplinary action against the officer for misconduct through a departmental procedure. (*May, supra*, at pp. 317–318.)

■ *Mays* reaffirmed *Sulier*'s view of the notice required by section 3304(d): "Viewing the terms of section 3304(d) as a whole, it appears clear that the fundamental purpose of this provision is to place a one-year limitation on *investigations* of officer misconduct. The one-year period runs from the time the misconduct is discovered. Once the public agency decides

that discipline may be warranted ('that discipline may be taken' (*ibid.*)), it must so inform the public safety officer (must 'notify the public safety officer of its proposed disciplinary action' (*ibid.*)). In this context, it seems most reasonable to interpret the language 'proposed disciplinary action' as referring to the agency's determination that 'discipline may be taken.' (*Ibid.*) Not only completion of the investigation, but also the requisite notification to the officer, must be accomplished within a year of discovery of the misconduct. This interpretation is consistent with the apparent purpose of the subdivision, which is to ensure that an officer will not be faced with the uncertainty of a lingering investigation, but will know within one year of the agency's discovery of the officer's act or omission that it may be necessary for the officer to respond in the event he or she wishes to defend against possible discipline." (*Mays, supra,* 43 Cal.4th at pp. 321–322, original italics.)

*Mays* rejected an argument that the 3304(d) language "shall . . . notify the public safety officer of its proposed disciplinary action" required the public agency to notify the public safety officer of the precise or specific discipline the public agency might impose.[3] "A contrary conclusion—that section 3304(d) requires notification of the specific discipline contemplated by the public agency—prematurely would impose a requirement that is unreasonable in view of the timing of the notice. Section 3304(d) refers to an agency decision that 'discipline *may* be taken.' (Italics added.) The use of the

---

[3] Section 3304(d) was amended, effective January 1, 2010 (Stats. 2009, ch. 494, § 1). The amendment redesignated the first paragraph of subdivision (d) as subdivision (d)(1), and replaced the ·subdivision (d) language stating "[i]n the event that the public agency determines that discipline may be taken, it shall complete its investigation, it shall complete its investigation and notify the public safety officer of its proposed disciplinary action within that year, except in any of the following circumstances" with the following language: "In the event that the public agency determines that discipline may be taken, it shall complete its investigation and notify the public safety officer of its proposed discipline by a Letter of Intent or Notice of Adverse Action articulating the discipline that year, except as provided in paragraph (2). The public agency shall not be required to impose the discipline within that one-year period." The exceptions or "following circumstances" (not applicable here) now appear in subdivision (d)(2) of the amended statute. The amendment was enacted to legislatively overrule the holding of *Mays* that subdivision (d) of the pre-2010 version of section 3304 did not require "notification of the specific discipline contemplated by the public agency" (*Mays, supra,* 43 Cal.4th at p. 322), as opposed to merely "notice that disciplinary action may be taken" (*id.* at p. 325).

Neves received his section 3304(d) "*SULIER* NOTICE" in December of 2009, when the pre-2010 version of subdivision (d) was still in effect. Thus, the amended and current version of subdivision (d) is not applicable here. We note, however that the "*SULIER* NOTICE" given to Neves would appear to have complied with the amended version of the statute as well, had the amended version been applicable, because the notice notified Neves that the "recommended penalty" was "[d]ismissal." The amendment made no change to section 3304(f), which *Mays* described as being "directed at providing the officer with written notice of the discipline that the agency—after considering the officer's predisciplinary response—has decided to impose." (*Mays, supra,* 43 Cal.4th at pp. 322–323, italics omitted.)

conditional word 'may' demonstrates the preliminary nature of the proceedings at the time the notice is required under subdivision (d). It would be anomalous to require the public agency to reach a conclusion regarding potential discipline prior to any predisciplinary proceedings or response on the part of the officer." (*Mays, supra*, 43 Cal.4th at p. 322.)

■ Although the "*SULIER* NOTICE" in the present case is not a model of clarity, it was taken verbatim from the notice accepted by the *Sulier* court and informed Neves that "[t]he *recommended* penalty is: Dismissal." (Italics added.) The notice made clear that a decision to dismiss Neves had not yet been made, but was merely recommended. As *Sulier* stated regarding the notice given under section 3304(d): "The public agency could not specify the required effective date of the action or the time a public safety officer has to file an appeal from discipline the agency has not yet decided to impose." (*Sulier, supra*, 125 Cal.App.4th at p. 29.)

■ In the present case, the superior court ruled that the Department had failed to comply with section 3304(f). *Mays* explained that the purpose of subdivision (f) is to notify the public safety officer of the discipline the agency has in fact decided to impose. "Subdivision (f) provides: 'If, after investigation and any predisciplinary response or procedure, the public agency decides to impose discipline, the public agency shall notify the public safety officer in writing of its decision to impose discipline, including the date that the discipline will be imposed, within 30 days of its decision, except if the public safety officer is unavailable for discipline.' (§ 3304, subd. (f).) Thus, it appears that, ordinarily, a predisciplinary response and/or hearing will occur subsequent to the investigation but prior to the agency's conclusion regarding the specific discipline to be imposed. Once the agency follows its relevant procedural mechanism and decides the level of specific discipline it intends to impose, it *then* has 30 days to so notify the officer. (See *Sulier, supra*, 125 Cal.App.4th at pp. 29–30 [a formal notice of adverse action containing a statement of the nature of such action is required when the public agency decides to impose discipline and serves a formal notice pursuant to § 3304, subd. (f)].) When the two subdivisions are read together, it is evident that section 3304(d) limits the duration of the investigation and provides, through its notice requirement that discipline *may* be imposed, a *starting* point for predisciplinary responses or procedures, whereas subdivision (f) is directed at providing the officer with written notice of the discipline that the agency—after considering the officer's predisciplinary response—has *decided* to impose." (*Mays, supra*, 43 Cal.4th at pp. 322–323, original italics.)

The *Mays* reference to predisciplinary response and/or hearings contemplates some type of response from the employee or a hearing before a final

decision on discipline is determined. Apparently no such predisciplinary action was taken in this case, but it is not mandated by section 3304, *Sulier* or *Mays*.

The superior court was of the view that the Department was required to notify Neves of the decision to dismiss him within 30 days of when Neves received his section 3304(d) *Sulier* preliminary notice. Nothing in section 3304 so requires. Under section 3304(f) the public agency must "notify the public safety officer in writing of its decision to impose discipline . . . within 30 days of its decision . . . ," which in this case was the formal notice of adverse action. (*Sulier, supra*, 125 Cal.App.4th at pp. 27, 29; *Mays, supra*, 43 Cal.4th at p. 323.) Neves presented no evidence that the final decision to dismiss him was made at any time before January 27, 2010 (the date on which the warden signed the notice of adverse action). He received the notice in early February, well within 30 days of January 27, and thus showed no violation of the 30-day provision of subdivision (f).

## DISPOSITION

The superior court order granting the petition for writ of mandate is reversed.

Levy, Acting P. J., and Kane, J., concurred.

A petition for a rehearing was denied February 15, 2012.