[Nos. B008187, B009212. Second Dist., Div. Five. Dec. 9, 1985.]

E. FREDERICK BROWNING, Plaintiff and Appellant, v.
SHERMAN BLOCK, as Sheriff, etc., et al., Defendants and Appellants.

COUNSEL

Stillman, Green & Shinee, Richard A. Shinee and Helen L. Schwab for Plaintiff and Appellant.

De Witt W. Clinton, County Counsel, and Halvor S. Melom, Senior Deputy County Counsel, for Defendants and Appellants.

OPINION

**FEINERMAN, P. J.**—Petitioner, E. Frederick Browning (Browning), was discharged from his probationary position as a deputy sheriff. Following denial of his requests for administrative appeal, he filed a petition for writ of mandate in the superior court, seeking relief both on 14th Amendment grounds and pursuant to Government Code section 3304. The trial court issued a peremptory writ which directed that Browning be reinstated to his former position, with backpay, pending a "just cause administrative hearing in accordance with Government Code Section 3304, Subdivision (b) . . . ." A request for attorney's fees pursuant to Code of Civil Procedure section 1021.5 was denied. Respondents have appealed from the judgment granting the peremptory writ. Browning has cross-appealed from the order denying him attorney's fees. We have concluded that the hearing which led to issuance of the peremptory writ did not dispose of all issues presented to the trial court and therefore remand the matter for further proceedings.

BACKGROUND

While serving a probationary period as a deputy sheriff, Browning received a notice of immediate discharge. The notice cited emotional instability, as detailed in an accompanying probationary report. The probationary report related that while off duty, Browning telephoned a friend, who was also a sworn member of the sheriff's department, and threatened to commit suicide. The friend went to Browning's home and found preparations in place to carry out the suicide threat.

The discharge notice informed Browning that he might appeal the discharge "by submitting a letter to the Director of Personnel, containing specific, detailed information upon which the appeal is based." Browning's response was a letter stating: "Please accept this letter as my request for appealing my discharge from the sheriff's department as outlined in their letter to me dated 4-25-83." This, in turn, produced a letter from the director of personnel denying the appeal with the following explanation: "Civil Service Rule 18.07 states in part: 'The probationer may within ten business days of the mailing or hand delivery to him/her of the notice of discharge . . ., file an appeal with the Director of Personnel. Such an appeal must be in writing and *shall contain specific, detailed information upon which the appeal is based . . .*' As a result of our review of your appeal we

have determined that your petition is insufficient as you have not made *any* specific charges or provided any supporting evidence. For this reason we have no choice but to deny your appeal." (Italics in original.) The letter concluded: "This response exhausts your appeal rights under the Civil Service Rules."

Browning, nonetheless, filed a request for an appeal with the county civil service commission. The request cited Government Code section 3304, subdivision (b), which provides: "No punitive action, nor denial of promotion on grounds other than merit, shall be undertaken by any public agency without providing the public safety officer with an opportunity for administrative appeal." The commission responded with a letter stating that enforcement of the Government Code was outside its jurisdiction.

Browning then filed his petition for writ of mandate in the superior court. Named as respondents were Sheriff Sherman Block, the sheriff's department, the civil service commission and the County of Los Angeles. The petition alleged a violation of Browning's 14th Amendment right to liberty, as well as his rights under Government Code section 3304, subdivision (b). The petition sought reinstatement with backpay and an administrative appeal to determine "just cause" for dismissal.

With respect to Browning's 14th Amendment contentions, respondent's points and authorities in opposition to the petition cited Browning's failure to seek redress on that ground before the commission and his failure ever to deny the factual allegations of the probationary report. With respect to Browning's Government Code section 3304 claims, respondents alleged the requirements of civil service rule 18.07, and cited the defects in Browning's notice of appeal. Respondents also asserted that as a probationary employee, Browning was not covered by Government Code section 3304, relying on *Swift* v. *County of Placer* (1984) 153 Cal.App.3d 209 [200 Cal.Rptr. 181].

Following the filing of respondents' answer and points and authorities, Browning filed a declaration under penalty of perjury wherein he alleged that two days after receiving the notice of discharge he telephoned his unit administrative lieutenant and "emphatically denied" having ever threatened suicide. The declaration further alleges that five days later, and on ten separate dates afterward, Browning contacted another lieutenant of his unit and repeatedly denied that he had threatened suicide.

During the hearing on the petition for writ of mandate, no one made specific reference to Browning's declaration. The court did state, perhaps in reference to the declaration, "I read what you have, but I am not satisfied by it. I don't believe the constitutional requisites are met." The court stated

that it found no violation of Browning's liberty interest and that, if there had been, Browning should have denied the allegations which formed the basis for his discharge.[1] Governing authority requires such a denial in order to invoke one's 14th Amendment rights. (*Codd* v. *Velger* (1977) 429 U.S. 624 [51 L.Ed.2d 92, 97 S.Ct. 882].) Furthermore, Browning has not appealed that portion of the court's ruling which found that there was no 14th Amendment violation, and it therefore is the law of the case.

### Respondents' Contentions on Appeal

Respondents contend, first, that rejection during probation is not "punitive action" within the meaning of Government Code section 3304. Second, they contend that, in any event, Browning was afforded an opportunity for administrative appeal sufficient under Government Code section 3304.

### Discussion

 *Barnes* v. *Personnel Department* (1978) 87 Cal.App.3d 502 [151 Cal.Rptr. 94], held that Government Code section 3304, subdivision (b) applies to probationary peace officers. The plaintiff in *Barnes* had been fired after a citizen filed a false arrest suit. *Swift* v. *County of Placer, supra,* 153 Cal.App.3d 209, upon which respondents rely, held that a probationary employee who is rejected for permanent status, without explanation, is not covered by Government Code section 3304, subdivision (b). *Swift* distinguished *Barnes, supra,* on the ground that it involved a dismissal for stated grounds which stigmatized the employee's reputation and affected his ability to earn a living. The distinction recognized in *Swift* defeats respondents' argument, since Browning was not dismissed without explanation, but rather for reasons which reflected on his character and damaged his capacity to earn a living in his chosen field. The trial court thus correctly ruled that Browning was entitled to the protection afforded by Government Code section 3304.

 What is unclear from the present record is why the trial court concluded that the opportunity which was provided to Browning for an administrative appeal was inadequate. The court indicated a belief that section 3304 requires that a peace officer not be separated from service until after his administrative appeal is completed. Case law is to the contrary, however. (*Doyle* v. *City of Chino* (1981) 117 Cal.App.3d 673 [172 Cal.Rptr. 844]; *Butler* v. *County of Los Angeles* (1981) 116 Cal.App.3d 633 [172 Cal.Rptr. 244].)

---

[1]The declaration, of course, was not a denial under oath that Browning had threatened suicide, but merely a statement under oath that he had made earlier hearsay denials.

■ The trial court indicated that Browning appealed and that his appeal was denied, but made no reference to Browning's failure to comply with the requirements of civil service rule 18.07. ■ Government Code section 3304 does not provide for an automatic administrative appeal, but merely requires that an *opportunity* for such an appeal be provided. Government Code section 3304 does not specify how its provisions are to be implemented. ■ *Howell* v. *County of San Bernardino* (1983) 149 Cal.App.3d 200 [196 Cal.Rptr. 746] held that the procedural details for implementing the provisions for an administrative appeal are to be formulated by the local agency.

Furthermore, Government Code section 3310 provides that any public agency which adopts any procedure which, at a minimum, provides peace officers with the same rights or protections provided by the Peace Officers Bill of Rights (Gov. Code, §§ 3300-3311) is not subject to the provisions of the act with respect to such procedure. Section 3310 confirms the holding of *Howell, supra,* 149 Cal.App.3d 200.

■ The requirements of civil service rule 18.07 that a notice of appeal from a probationary dismissal be in writing and "contain specific, detailed information upon which the appeal is based" are inherently reasonable. Browning had notice of these requirements at the time of his discharge.

In light of the parties' failure to address the issue of the adequacy of the notice of appeal at the hearing below, despite the fact that it was presented by the pleadings, we are remanding the matter to the trial court for a factual determination as to whether compliance with rule 18.07 was somehow excused, or whether the trial court believed that Browning's notice of appeal, coupled with his alleged oral denial of the allegations of the probationary report, constituted substantial compliance with rule 18.07.

Should the trial court conclude, after such further hearing, that Browning's administrative appeal should go forward, the relief Browning would be entitled to is less than is called for by the peremptory writ now under review. ■ Since the opportunity for appeal need not precede dismissal (*Doyle* v. *City of Chino, supra,* 117 Cal.App.3d 673; *Butler* v. *County of Los Angeles, supra,* 116 Cal.App.3d 633), Browning would not be entitled to reinstatement pending his appeal, but only to backpay. (See also *Henneberque* v. *City of Culver City* (1985) 172 Cal.App.3d 837 [218 Cal.Rptr. 704].)

Finally, should the trial court conclude that Browning's appeal should go forward, an order directing that a "just cause" hearing be conducted, would grant him too much. ■ The standard rule governing public employees

is that they may be discharged at will during a probationary period. (*Lubey* v. *City and County of San Francisco* (1979) 98 Cal.App.3d 340, 345 [159 Cal.Rptr. 440].)[2] A limited exception has been carved from this rule for peace officers by Government Code section 3304. (*Barnes* v. *Personnel Department, supra,* 87 Cal.App.3d 502, 506.) *Barnes* held, however, that section 3304 does not preclude a termination at will, but merely permits the probationary peace officer "to establish a formal record of the circumstances surrounding his termination." Also inherent in the right to appeal provided for in section 3304 would be the opportunity for the employee to attempt to convince the employing agency to reverse its decision, either by demonstrating the falsity of charges which led to punitive action, or through proof of mitigating circumstances. *Barnes* makes clear, however, that section 3304 does not require the employing agency to establish just cause for termination of a probationary employee.

## BROWNING'S CROSS-APPEAL

 Thus far, Browning has not demonstrated that there has been a violation of his rights under Government Code section 3304, let alone that he is entitled to attorney's fees incurred to redress it. That portion of the judgment which denies attorney's fees based upon the proceedings to date is affirmed.

That portion of the judgment granting a peremptory writ is reversed and the matter is remanded for further proceedings consistent with the views expressed herein.

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied December 31, 1985, and the petition of plaintiff and appellant for review by the Supreme Court was denied February 26, 1986.

---

[2]Subject to the right to a due process hearing where the employee's 14th Amendment liberty interest is infringed. (*Board of Regents* v. *Roth* (1972) 408 U.S. 564, 573 [33 L.Ed.2d 548, 559, 92 S.Ct. 2701].)